Marvin Leibovich, M.D., Chairman Office of Emergency Medical Services Governor's Advisory Council on Emergency Medical Services Arkansas Department of Health 4815 West Markham Little Rock, Arkansas 72205
Dear Mr. Leibovich:
This is in response to your letter wherein you requested an opinion concerning the following questions:
 1. May the Office of Emergency Medical Services of the Arkansas Department of Health legally permit the use of a particular drug for a purpose other than that for which the Food and Drug Administration (FDA) has approved it?
 2. If the answer to question No. 1 is yes, must this usage be under the direct order of the medical director or a physician, or may written standing orders approved by the medical director be allowed?
 3. May the Office of Emergency Medical Services permit a limited, controlled and physician monitored study of new techniques, new skills, and new procedures related to the pre-hospital delivery of emergency medical care?
 4. If the answer to question No. 3 should be no, what group would be authorized to permit such a monitored study?
 5. If the answer to questions Nos. 3 and 4 should both be no, who would be authorized to permit such a monitored study?
In response to your first question, the Arkansas State Board of Health regulates the practice of Emergency Medical Services with the advice of the Governor's Advisory Council on Emergency Medical Services. It would not appear that the Board of Health would be permitted to approve the use of a drug by anyone for a use other than that permitted by the Food and Drug Administration.
The answer to questions Nos. 3 through 5 depend upon an interpretation of the application of the Arkansas State laws and the rules and regulations promulgated thereunder relating to Emergency Medical Services. Since the rules and regulations of the Arkansas State Board of Health which have been adopted with the advice of the Emergency Medical Services Advisory Council do not permit the practice of cardiac defibrillation or intubation by basic or intermediate EMT's, such practices could not be conducted even under the auspices of a limited, controlled and physician monitored study.
In the event that the Advisory Council, which you chair, is of the opinion that such studies would be beneficial to the residents of the State of Arkansas, then the Council should propose a change in the rules and regulations to the Arkansas State Board of Health. Any rule change would, of course, have to be pursuant to the administrative procedures of the Board of Health, which include a public hearing and other administrative steps. Presumably, the Arkansas State Medical Board would have an interest in any change in these rules and regulations. Therefore, you may wish to discuss this matter with them in the event that it is determined that you wish to present this item to the Arkansas State Board of Health.
The foregoing opinion, which I hereby approve, was prepared by Special Assistant Attorney General George A. Harper.